E-FILED
Thursday, 16 June, 2016  04:58:50 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CORALIE BREWER and DOUGLAS YOUNG, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 16-cv-3014 |
| JOSHUA SPROAT, ELIZBETH WILSON, ERIN MATTSON, JUDGE JARMAN, JOHN EVANS, DENNIS ATTERBURY, and CHRISTOPHER MATOUSCH, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on a Merit Review pursuant to 28 U.S.C. § 1915(e)(2).  Text Order entered June 10, 2016.  Plaintiffs Coralie Brewer and Douglas Young are proceeding in forma pauperis.  Text Order entered January 22, 2016.  This Court is directed by statute to dismiss a case in which the plaintiff is proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted.  28 U.S.C.

§ 1915(e)(2)(B)(ii).  For the reasons set forth below, the Plaintiffs fail to state a claim on which relief may be granted.  This Court recommends dismissal pursuant to § 1915(e)(2)(B)(ii).

This Court applies the standard of review for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) in this § 1915(e)(2) merit review.  Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).  The Court, therefore, interprets the Complaint (d/e 1) liberally in the light most favorable to the Plaintiffs, accepting as true all well-pleaded allegations, and drawing all reasonable inference in favor of the Plaintiffs.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

The Federal Rules require a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  Independent Trust

Corp. v. Stewart Information Services Corp., 665 F.3d 930, 934-35 (7th Cir. 2012); George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Read liberally in favor of the Plaintiffs, the Complaint alleges two acts adverse to Brewer.  The Complaint alleges:

1. Defendant Joshua Sproat, Child Welfare Specialist for the Family Service Center, filed a motion in Montgomery County, Illinois, Circuit Court, to stop Brewer's visitations with her minor children and to prohibit a "bond study" with Brewer and her children.  The Complaint further alleges that Sproat, the Illinois Department of Children and Family Services (DCFS), and the Montgomery County, Circuit Court, took her children away from her. Complaint, at 1-2.  That claim is also asserted in Brewer v. Sproat, C.D. IL. Case No 15-3332 (Brewer 1).

2. The remaining Defendants conspired to have Plaintiff Brewer arrested for violating the terms of felony probation "for being an ex felon (sic) Doug Young."  Complaint, at 2. The Defendants conspired to have the arrest

occur during a hearing in Brewer's "juvenile DCFS case" in order to disrupt or prevent the hearing from proceeding.  Plaintiff Brewer was held in custody for six days until she passed a drug test.  <u>Complaint</u>, at 2-7. Plaintiffs assert that these actions violated Plaintiff Brewer's parental rights and Brewer's right to be free from arrest without probable cause.

The Plaintiffs bring this action under 42 U.S.C. § 1983.  <u>Complaint</u>, at 1.  To state a claim under § 1983, each Plaintiff must allege that each Defendant deprived him or her of a right guaranteed by the constitution or laws of the United States, and each Defendant acted under color of law.  <u>Rodriguez v. Plymouth Ambulance Serv.</u>, 577 F.3d 816, 822 (7th Cir. 2009).  The Complaint fails to allege a violation of Brewer's parental rights or a violation of Brewer's right to be free from arrest without probable cause.  The Complaint fails to allege any action taken against Young.

The District Court explained Brewer's constitutional parental rights in a companion case currently pending before this Court:

> Parents have a fundamental right to make decisions concerning the care, custody, and control of their children pursuant to the Due Process Clause of the Fourteenth Amendment. <u>Troxel v. Granville</u>, 530 U.S. 57, 66 (2000). The right is not absolute, however, and "must be balanced against the state's interest in protecting children from abuse." <u>Siliven v. Ind. Dep't of Child Servs.</u>, 635 F.3d 921, 928 (7th Cir. 2011). Nonetheless, "[t]he Due Process Clause of the Fourteenth Amendment prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process."

Croft v. Westmoreland Cnty. Children & Youth Servs., 103 F. 3d
1123, 1125 (3d Cir. 1997).

Brewer v. Sproat, C.D. IL. Case No 15-3332 (Brewer 1), Opinion entered

February 18, 2016 (Case no. 15-3332 d/e 17) (Brewer 1 Opinion), at 8.

The Complaint nowhere alleges that Sproat, DCFS, the Illinois Courts or

any other Defendant failed to follow the requirements of procedural and

substantive due process in depriving Brewer of custody of her children.  Without

any such allegations, Brewer fails to allege a claim for violation of her parental

rights.  These allegations are also made in Brewer 1.

Brewer also does not allege that she was arrested without probable cause.

The Fourth and Fourteenth Amendments guarantee a person to be free from

arrest without probable cause.  An officer has probable cause to arrest a person

on probation when the officer has reasonable grounds to believe that the

probationer committed acts which would constitute a violation of probation.  See

Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probationer has same due

process rights at revocation as a parolee); Morrissey v. Brewer, 408 U.S. 471,

485 (1972) (defining probable cause to arrest parolee for violation of parole); see

also Thompson v. Harper, 1995 WL 302461, at *2 (N.D. Il. May 16, 1995)

(probation officer may arrest a probationer on probable cause that the

probationer violated the terms of his probation).

The determination of probable cause is an objective inquiry.  If the facts known to the arresting officer at the time constitute probable cause, then the arrest is proper.  Whren v. United States, 517 U.S. 806, 815 (1996).  The officer's subjective reasons for making the arrest play no role in determining whether probable cause exists.  Devenpeck v. Alford, 543 U.S. 146, 593-94 (2004).

The Complaint fails to allege that the Defendants lacked probable cause to arrest Brewer for violation of her felony probation.  Plaintiff alleges that Defendant Wilson "held my felony probation over my head in a Juvenile DCFS case."  The Plaintiff's Complaint further alleges that the Defendants "violated" Brewer for "being an ex felon Doug Young."   The Complaint does not explain the meaning of the phrase "being an ex felon Doug Young." From the context of the entire Complaint, the phrase may  mean being with, or living with, ex-felon Defendant Young, but the phrase may mean something else.  Regardless, the Complaint does not allege whether "being an ex felon Doug Young" or anything else did not violate the terms of Brewer's felony probation.  To state a claim, the Complaint must allege either: (1) the Defendants did not have reasonable grounds to believe that "being an ex felon Doug Young" or some other act of the Plaintiff violated the terms of Brewer's probation; or (2) the Defendants did not have reasonable grounds to believe that Brewer committed the act of "being an ex felon Doug Young" , or another violation of her probation, when they arrested

her.  The Complaint does not allege either.  The Complaint, therefore, fails to allege that the Defendants arrested Brewer without probable cause.

Brewer alleges that the Defendants arrested her during the juvenile DCFS hearing for the wrongful purpose of disrupting the hearing.  The subjective reasons for an arrest are not relevant to determining probable cause. Devenpeck, 543 U.S. at 593-94.  Brewer must allege that the Defendants did not have reasonable grounds to believe that she violated the terms of her probation. Brewer does not so allege.  Brewer fails to state a claim for a violation of her rights to be free from an arrest without probable cause.

Plaintiff Young does not allege any violations of his rights.  Young does not allege any parental rights related to Brewer's children, and Young does not allege that he was arrested or detained.  Young fails to state a claim.

The Court notes that Brewer has also alleged violations of her parental rights in Brewer 1, and that Joshua Sproat is a defendant in that case.  See Brewer 1 Opinion, at 8-10.  The District Court determined that Brewer may proceed with some of her claims in Brewer 1.  Brewer 1 Opinion, at 14-16.  This Report and Recommendation does not affect Brewer 1.

THEREFORE THIS COURT RECOMMENDS that this case should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(II).

The Plaintiffs are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   June 16, 2016

_____ s/ Tom Schanzle-Haskins _____
UNITED STATES MAGISTRATE JUDGE