IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CORALIE BREWER AND DOUGLAS YOUNG, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 16-cv-3014 ) |
| JOSHUA SPROAT, ELIZABETH WILSON, ERIN MATTSON, JUDGE JARMAN, JOHN EVANS, DENNIS ATTERBURY, and CHRISTOPHER MATOUSH | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 49). Judge Schanzle-Haskins conducted a Merit Review, pursuant to 28 U.S.C. § 1915(e)(2), and recommends that Plaintiffs Coralie Brewer's and Douglas Young's Complaint (d/e 1) be DISMISSED for failure to state a claim upon which relief could be granted. See 18 U.S.C. § 1915(e)(2)(B)(ii).

Objections to the Report and Recommendation were due on or before July 5, 2016.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F. 3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found that, in Plaintiffs Complaint, Plaintiffs arguably allege "two acts adverse to [Ms.] Brewer" but no acts adverse to Mr. Young. Specifically, Judge Schanzle-Haskins found that: (1) Plaintiffs allege that Defendant Joshua Sproat, Child Welfare Specialist for the Family Service Center, filed a motion in Montgomery County, Illinois, Circuit Court, to stop Ms. Brewer's

visitations with her minor children and to prohibit a "bond study" with Ms. Brewer and her children and that the Illinois Department of Children and Family Services (DCFS) and the Montgomery County, Circuit Court took Ms. Brewer's children away from her; and (2) Plaintiffs alleged that the remaining Defendants conspired to have Ms. Brewer arrested for violating the terms of her felony probation "for being an ex felon (sic) Doug Young;" and further conspired to have the arrest occur during a hearing in Ms. Brewer's "juvenile DCFS case" in order to disrupt or prevent the hearing.  Complaint, at 2.  Judge Schanzle-Haskins further found that Plaintiffs claim, pursuant to 42 U.S.C. § 1983, that the acts violated Ms. Brewer's parental rights and Ms. Brewer's right to be free from arrest without probable cause, respectively.

As to the first claim, Judge Schanzle-Haskins found that Plaintiffs failed to state a claim upon which relief could be granted because Plaintiffs do not allege that any defendant failed to follow the requirements of procedural and substantive due process in depriving Ms. Brewer of custody of her children, as is required to state a claim under the Fourteenth Amendment.  As to the second claim, Judge Schanzle-Haskins found that Plaintiffs failed to state a claim upon

which relief could be granted because Plaintiffs do not allege that the defendants lacked probable cause to arrest her, as is required to state a claim for false arrest.

Ms. Brewer has filed two documents since Judge Schanzle-Haskins issued his Report and Recommendation (d/e 20, 51); however, Ms. Brewer's filings do not contain any proper objections to the report.   In order to properly object to a magistrate's report and recommendation, a party must "specify each issue for which review is sought."   <u>Johnson</u>, 170 F.3d at 741.   Ms. Brewer has not done so here.   Ms. Brewer does not identify any issue in the report to which she objects, nor does she make any argument relevant to the report at all, other than restating her conclusory allegation that she was "falsely revoked and/or falsely arrested." Therefore, this Court reviews the magistrate's findings for clear error.

After reviewing the record, the Report and Recommendation, Plaintiffs' Complaint and additional filings, as well as the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

**(1)   The Report and Recommendation (d/e 49) is ADOPTED in its entirety.**

(2)	Plaintiffs' Complaint (d/e 1) is DISMISSED WITHOUT PREJUDICE.

ENTER: July 8, 2016

FOR THE COURT:

<u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE